Matter of Smith v New York State Off. for People with Dev. Disabilities (2020 NY Slip Op 01066)





Matter of Smith v New York State Off. for People with Dev. Disabilities


2020 NY Slip Op 01066


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-07361
 (Index No. 51285/17)

[*1]In the Matter of Lois Smith, appellant, 
v
New York State Office for People with Developmental Disabilities, et al., respondents.


O'Neil & Burke, LLP, Poughkeepsie, NY (William T. Burke of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Joshua M. Parker of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Taconic DDSO, which terminated the petitioner's employment as a licensed practical nurse, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated April 30, 2018. The judgment, after a nonjury trial pursuant to CPLR 7804(h), denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner was employed as a licensed practical nurse by the respondent Taconic DDSO, a mental health facility operated under the auspices of the respondent New York State Office for People with Developmental Disabilities (hereinafter OPWDD). The petitioner alleged that, on or about October 19, 2016, she submitted an application to her employer seeking leave under the Family and Medical Leave Act of 1993 (29 USC § 2601 et seq .; hereinafter FMLA). She further alleged that, on or about February 3, 2017, she was informed that her employer had terminated her employment pursuant to article 36 of her union's collective bargaining agreement on the basis that she had abandoned her job.
The petitioner thereafter commenced this CPLR article 78 proceeding, challenging the termination of her employment as arbitrary and capricious in light of her request for leave under the FMLA. In their answer, the respondents denied the petitioner's allegations. Specifically, they denied having any record of the petitioner's 2016 request for leave under the FMLA, and asserted that, as of October 18, 2016, the petitioner had exhausted her accrued leave and failed to return to work without explanation. The respondents further alleged that since no one had seen, heard from, or had any contact with the petitioner since October 12, 2016, her employment was eventually terminated on December 6, 2016, in accordance with article 36 of her union's collective bargaining agreement for job abandonment.
Upon identifying a triable issue of fact as to whether the petitioner provided her employer with adequate notice of her intention to take FMLA leave, the Supreme Court ordered a [*2]trial on that issue (see CPLR 7804[h]). After the nonjury trial, the court found, inter alia, that the petitioner did not provide her employer with the statutorily required notice of her intent to take FMLA leave. Accordingly, the court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Contrary to the petitioner's contention, the evidence adduced at the trial supports the Supreme Court's finding that she failed to provide her employer with adequate notice of her intention to take FMLA leave in 2016. Therefore, the employer's decision to terminate the petitioner's employment based on job abandonment after her unexplained absence for several weeks was neither arbitrary nor capricious (see Matter of McKnight v Dormitory Auth. of State of N.Y. , 267 AD2d 708).
The petitioner's remaining contention is without merit.
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court